UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WILLIAM J. WICKHAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:23-cv-00002-LEW |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915**

Plaintiff seeks to recover money damages from the United States government for the alleged impact of the quadrivalent flu shot he received. (Complaint, ECF No. 1.) With his complaint, Plaintiff filed a motion to proceed without prepayment of the filing fee, which motion the Court granted. (Motion, ECF No. 2; Order, ECF No. 3.) In accordance with the statute that governs matters filed without prepayment of the filing fee, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

**DISCUSSION**

The governing statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding without prepayment of the filing fee, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Plaintiff alleges that because of the quadrivalent flu shot he received, he suffers from GBS,[1] also known as acute inflammatory demyelinating polyradiculoneuropathy, which condition he asserts is debilitating and requires intense treatment. Although Plaintiff has

---

[1] Because Plaintiff alleges that he must be treated with immunotherapy for "G.B.S" and because Plaintiff also references acute inflammatory demyelinating polyradiculoneuropathy, the Court assumes the condition to which Plaintiff refers as "G.B.S." is Guillain-Barre Syndrome.

described the condition and its impact, he has not alleged any facts that would support a claim against the United States government. That is, Plaintiff has not alleged the facts that cause him to believe the United States government is legally responsible for the alleged effects of the flu shot. Plaintiff thus has failed to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Dismissal, therefore, is warranted.[2]

### CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of January, 2023.

---

[2] The United States is listed in the caption as the defendant. In his request for relief on the form complaint Plaintiff used, Plaintiff wrote that he was seeking "monetary retribution from big pharma." (Complaint at 5.) Even if Plaintiff intended to join a pharmaceutical company rather than the United States government as the defendant, dismissal would still be appropriate given that Plaintiff has not identified a company nor alleged any facts to support a claim against a company.